UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61603-CIV-ALTONAGA/Reid

**JAMES IRWIN MITCHELL**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court on United States Magistrate Judge Lisette M. Reid's Report and Recommendation ("Report") [ECF No. 26], filed on March 18, 2025. In the Report, the Magistrate Judge ruled on one of several grounds for relief that Movant, James Irwin Mitchell raises in his Motion under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") [ECF No. 1], challenging the constitutionality of his federal conviction and sentence in case number 23-cr-60022. After reviewing the record and applicable law, the undersigned agrees with the Magistrate Judge's analysis and recommendations. For the following reasons, the Report is adopted, Movant's Objections are overruled, and his Motion is denied.

### I. BACKGROUND

*Movant's Criminal Case*. On January 26, 2023, Movant was charged with carjacking, in violation of 18 U.S.C. section 2119(1) ("Count 1"); brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(ii) ("Count 2"); and possession of a

firearm and ammunition by a convicted felon, in violation of 18 U.S.C. section 922(g)(1) ("Count 3"). (*See* Indictment [CR ECF No. 1] 1–2).[1,2]

On June 1, 2023, Movant pleaded guilty to possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(i) — a lesser-included offense of Count 2. (*See* Plea Agreement [CR ECF No. 21] ¶ 1). In exchange, the Government agreed to seek dismissal of the remaining counts of the Indictment (*see id.* ¶ 2); recommend a two-point sentence reduction for acceptance of personal responsibility and an additional one-point decrease if the Movant's offense level was 16 or greater (*id.* ¶ 7); recommend a sentence of no more than seven years' imprisonment (*see id.* ¶ 8); and recommend that Movant's sentence run concurrently to a 15-month sentence a state court had imposed for the same conduct underlying his federal case (*see id.* ¶ 9); *see also State v. Mitchell*, 2022-CF-002553, Sentence 2–3, filed June 21, 2022 (Fla. 9th Cir. Ct. 2024).

In his Plea Agreement, Movant recognized the Government's recommendation was not binding and that the Court could disregard the recommendation in its entirety. (*See* Plea Agreement ¶ 11). Movant also acknowledged that he could not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation (*see id.*), and that the Court could impose a statutory maximum term of life imprisonment (*see id.* ¶ 4). At his plea colloquy, Movant testified under oath that he understood the nature of the offense to which he pled guilty (*see* Change of Plea Hr'g Tr. [CR ECF No. 52] 7:19–22); the minimum sentence he could receive was five years' imprisonment (*see id.* 11:2–5); the Court "[could] still give [him] life" (*id.* 14:2–9

---

[1] References to docket entries in Movant's criminal case, Case No. 23-60022-cr-ALTONAGA, are denoted with "CR ECF No."

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

(alterations added)); there was "no coming back from a guilty plea" (*id.* 6:12); and he was "giving up the right to appeal" if sentenced "within the guidelines" (*id.* 19:4–7).

Before Movant's sentencing hearing, his counsel learned that Movant had completed service of his state-court sentence, which foreclosed the possibility of a concurrent sentence, despite the Government's agreement to ask for one. (*See* Unopposed Mot. for Recommendation . . . [CR ECF No. 32] ¶ 4). On August 18, 2023, in another attempt to ensure his state incarceration would be credited toward his federal sentence, Movant made a *nunc pro tunc* request — asking the Court to recommend that the Bureau of Prisons ("BOP") designate his federal sentence as beginning on March 6, 2022, the date of his arrest in his state-court case. (*See id.* ¶ 5–6). The Court denied the request. (*See* Aug. 21, 2023 Order [CR ECF No. 35] 1).

At Movant's sentencing hearing on August 21, 2023, the Government requested an 84-month sentence. (*See* Sent. H'rg Tr. 5:11). Movant's counsel asked for the 60-month minimum mandatory sentence, arguing that a shorter prison term was appropriate because Movant required "mental health treatment as soon as possible" for his post-traumatic stress disorder and schizophrenia and could begin receiving treatment upon starting supervised release. (*See id.* 5:9, 12:19–24).

The Court imposed a 72-month sentence to run consecutive to Movant's state-court sentence, followed by a five-year term of supervised release. (*See* J. [CR ECF No. 36] 2–3). Movant did not appeal his conviction or sentence.

**Movant's Motion and Evidentiary Hearing.** On August 18, 2024, Movant filed his Motion, seeking to set aside his conviction and asserting his trial counsel, B. Lomax, was constitutionally ineffective and his plea was involuntary. (*See generally* Mot.). Movant alleges his counsel failed to file a notice of appeal despite Movant's request that she do so, and failed to

3

consult with Movant about appealing his conviction and sentence ("Ground One") (*see* Mot. 5); failed to pursue an insanity defense that would have rendered Movant incompetent to plead guilty ("Ground Two") (*see id.* 4); failed to move to suppress evidence when, had counsel done so, "the evidence would have been suppressed" ("Ground Three") (*id.*); misadvised Movant on his sentence exposure if he did not plead guilty ("Ground Four") (*see id.* 7); and misadvised Movant that his federal sentence could run concurrently with a previously imposed state-court sentence ("Ground Five") (*see id.*).[3] In its Response [ECF No. 6] ("Resp. to Mot."), Respondent indicated it was unopposed to an evidentiary hearing on Movant's allegations that B. Lomax had disregarded his instruction to appeal and failed to consult Movant about appealing. (*See id.* 10). Because those allegations, if true, could entitle Movant to relief, the Court ordered a limited evidentiary hearing on whether B. Lomax rendered ineffective assistance of counsel by not appealing or consulting, and deferred rulings on Movant's other grounds. (*See* Oct. 18, 2024 Order [ECF No. 7] 2–3).

At the hearing, the Magistrate Judge heard testimony from Movant and B. Lomax. (*See* Feb. 10, 2025 Min. Order [ECF No. 24]). The Magistrate Judge filed her Report after the hearing, concluding that Movant had "not sustained his burden of demonstrating that [B. Lomax] was ineffective for either failing to consult or failing to file a notice of appeal"; and recommending that the Court deny Movant's request for a belated appeal (Report 13 (alteration added); *see also id.* 2, 14). Movant filed Objections [ECF No. 27], to which Respondent filed a Response ("Resp. to R&R Objs.") [ECF No. 28].

---

[3] Although the Motion lists only three grounds for relief (*see generally id.*), the Court — construing the Motion liberally — understands the Motion to assert five grounds. *See Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011) (recognizing that courts "construe *pro se* filings liberally to afford review on any 'legally justifiable base'" (quoting *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997))).

## II.  LEGAL STANDARDS

Several legal principles guide the Court's consideration of the Magistrate Judge's Report and Movant's Motion.

***Standard of Review***.  When a magistrate judge's findings or recommendations have been properly objected to, district courts must review the objected-to findings or recommendations *de novo*.  *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3).  "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and *the specific basis for objection*."  *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (alterations adopted; emphasis added; quotation marks omitted; quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

In other words, an objection is entitled to *de novo* review only if it articulates a legal basis for the objection; merely reasserting a motion "without any reference to the magistrate judge's order or its findings [i]s insufficient to convey to the district court the substance of any objection[.]" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (alterations added; citation omitted). In the absence of timely, specific objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted).

A district judge may not reject a magistrate judge's credibility determinations before hearing disputed testimony.  *See United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001). "Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible *only* when there is an 'articulable basis for rejecting the magistrate[] [judge's] original resolution of credibility.'"  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th

5

Cir. 2007) (emphasis in original; alterations added; quoting *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)).

***Section 2255***.  Under section 2255, a prisoner who claims his sentence was imposed in violation of the Constitution may move the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).  Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited.  *See United States v. Frady*, 456 U.S. 152, 165 (1982) (citations omitted).  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011) (citation omitted).

***Ineffective Assistance of Counsel***.  The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings.  *See Strickland v. Washington*, 466 U.S. 668, 684–85 (1984).  This right applies to defendants deciding whether to plead guilty.  *See Lee v. United States*, 582 U.S. 137, 363 (2017).  When assessing counsel's performance, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both that (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Id.* at 687.

To establish deficient performance, a movant must show "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690); *see also Harrington*

*v. Richter*, 562 U.S. 86, 104 (2011) ("To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness." (citation and quotation marks omitted)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690 (alterations added). The Court's review of counsel's performance should focus "not [on] what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (alterations added; footnote call number omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

To establish prejudice, a movant attacking his guilty plea must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (citations and quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### III. DISCUSSION

The Court first considers Movant's Objections to the Magistrate Judge's recommendation that the Court deny Movant's first ground before turning to his four other grounds for relief.

**A.     The Magistrate Judge's Report (Ground One)**

As an initial matter, the Court notes that Movant does not object to the Magistrate Judge's finding that B. Lomax properly consulted with Movant regarding his appellate rights. (*See* Report 10; *see generally* Objs.). The Court therefore adopts that finding. And because B. Lomax

7

consulted with Movant about whether to file a notice of appeal, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (citation omitted).

The Magistrate Judge found Movant failed to demonstrate that B. Lomax was ineffective for disregarding instructions to file a notice of appeal. (*See* Report 8–11). Movant testified that he "whispered" in B. Lomax's ear during the sentencing hearing that he "want[ed] to file an appeal" and reiterated this request after the hearing. (*Id.* 8 (alteration added; quotation marks omitted); *see also id.* 9). By contrast, B. Lomax testified that she did not recall Movant whispering any such request, and — following the sentencing hearing — she and Movant engaged in a lengthy consultation about whether to appeal his sentence. (*See id.* 7–8, 12). According to B. Lomax, Movant did not ask her to file a notice of appeal during that conversation, which "was the only [one] they had during the two-week period after his sentencing when she could have timely filed a notice of appeal on his behalf." (*Id.* 12 (alteration added)). Weighing their testimony, the Magistrate Judge found B. Lomax was "more credible." (*Id.* 11).

Movant raises a single objection to the Report. He asserts that B. Lomax "could not specifically remember" whether Movant had "whispered into her ear" his desire to appeal during his sentencing hearing, resulting in "no conflict in the testimony" of B. Lomax and Movant. (Objs. 1). Therefore, Movant argues, the Magistrate Judge erred in not crediting Movant's testimony that he affirmatively asked B. Lomax to file a notice of appeal at his sentencing hearing. (*See id.*). "Movant's objection identifies no error or articulable basis for rejecting" the Magistrate Judge's credibility determination. (Resp. to R&R Obj. 2).

Certainly, B. Lomax's testimony conflicts with Movant's version of events. B. Lomax

stated that she "would have" filed a notice of appeal as a matter of course "if Movant had asked to file" one, regardless of whether she believed he had any viable appellate issues. (Report 8). Thus, resolution of this issue "turns squarely on the credibility of the witnesses." *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010). The Magistrate Judge found B. Lomax's testimony to be "more credible" than Movant's, after properly considering "the demeanor of the witnesses and their interests in the outcome of the case[.]" (Report 11 (alteration added)); *see also Rizo v. United States*, 662 F. App'x 901, 912 (11th Cir. 2016). The Court accepts the Magistrate Judge's credibility finding. *See Cofield*, 272 F.3d at 1305 (noting that a court need not "rehear witness testimony" when accepting a magistrate judge's credibility findings (citation omitted)).

More generally, Movant did not establish "by a preponderance of competent evidence" that he asked B. Lomax to file an appeal, as is required for habeas relief. *Davis v. United States*, No. 18-80195-Cr, 2021 WL 2288570, at *8 (S.D. Fla. May 4, 2021), *report and recommendation adopted*, 2021 WL 2288571 (S.D. Fla. June 4, 2021); (*see generally* Report). Indeed, the Magistrate Judge determined Movant "fail[ed] to provide *any* credible evidence showing that he explicitly asked [B.] Lomax" to file a notice of appeal at sentencing or during the two-week period thereafter. (Report 11 (alterations and emphasis added)). And as the Magistrate Judge "observed the witnesses," she was "free to believe those [s]he found trustworthy and discredit the testimony of those who were not." *United States v. Brown*, 441 F.3d 1330, 1346–47 (11th Cir. 2006) (alteration added; citation omitted).

Even crediting Movant's account of his alleged whispered comment, the Court is not persuaded that B. Lomax had a duty to file a notice of appeal. Because Movant states he asked B. Lomax to file an appeal under his breath, in open court, and while the Court was questioning him (*see* Report 8), he has not shown that he "made his desire to appeal *evident* to his attorney."

9

*Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (emphasis added; citation omitted); *see also id.* (noting that a movant's "bare assertion" that he "made a request is not by itself sufficient to support a grant of relief" if evidence to the contrary exists (quotation marks and citation omitted); *Garcia-Izazaga v. United States*, No. 17-cr-100, 2019 WL 9656379, at *5 (N.D. Tex. Dec. 23, 2019) (stating a defendant "must *clearly communicate* to his attorney, in a timely manner, that he wants to appeal" (emphasis in original; citation omitted)), *report and recommendation adopted*, 2020 WL 4583637 (N.D. Tex. Aug. 10, 2020)). That B. Lomax could not recall whether the request occurred underscores the problematic delivery of Movant's supposed instruction.

To summarize, Movant has failed to establish his counsel rendered deficient performance by not filing a notice of appeal. His first ground fails.

### B. Movant's Remaining Grounds

Moving on, the Court addresses Movant's remaining grounds for habeas relief.

***Ground Two***. Movant argues his counsel was ineffective for failing to pursue a "competency or insanity defense" or investigate and obtain mitigating evidence regarding his mental health, which rendered his guilty plea involuntary. (Mot. 4). A defendant may not plead guilty unless he does so "competently and intelligently[.]" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (alteration added; quotation marks and citations omitted). "Defendants who are not competent to participate in the proceedings cannot waive their constitutional rights." *United States v. Blount*, 194 F. App'x 690, 692 (11th Cir. 2006) (citation omitted). Yet, "the mere presence of mental illness or other mental disability . . . does not necessarily mean [a defendant is] incompetent to plead[.]" *Bolius v. Wainwright*, 597 F.2d 986, 990 (5th Cir. 1979) (alterations added; citation omitted).

As an initial matter, Movant's argument that counsel was ineffective for not investigating his mental health or pursuing an insanity defense is facially deficient. A section 2255 movant's "bare and unsubstantiated assertions that a reasonable probability existed that a jury would have found him insane had trial counsel conducted an investigation [are] insufficient to support his motion to vacate." *Collins v. United States*, 481 F. App'x 525, 529 (11th Cir. 2012) (alteration added). Movant does not identify a specific disease or defect that made him unable to appreciate the wrongfulness of his actions, or any other facts "tend[ing] to establish that he was insane at the time of his offenses[.]" *Id.* (alterations added); (*see generally* Mot.).

In any event, the record demonstrates that Movant's attorney investigated his mental health and his competency to plead guilty. According to Respondent, B. Lomax ensured Movant underwent a psychological evaluation. (*See* Resp. to Mot. 9). In arguing for a lenient sentence, she highlighted Movant's post-traumatic stress disorder and schizophrenia diagnoses, emphasizing Movant's need for meaningful "mental health treatment as soon as possible." (Sent. H'rg Tr. 12:17–13:3).

Regarding competency, Movant's responses to the Court's questions reflect that he fully understood his sentence exposure and the consequences of pleading guilty. (*See* Change of Plea Hr'g Tr. 6:12–15; 7:19–22; 11:2–5; 14:2–9; 19:4–7); *Onate-Sosa v. United States*, No. 08-20164-Cr, 2011 WL 1878211, at *14 (S.D. Fla. Jan. 13, 2011) (concluding a movant was competent to plead guilty, despite suffering from untreated mental health conditions on the day of his plea hearing, based on a transcript of the proceedings showing "the movant was coherent and appropriately responded to all of the court's questions"), *report and recommendation adopted*, 2011 WL 1883167 (S.D. Fla. May 17, 2011).

***Ground Three***. Next, Movant argues that his attorney failed to file a motion to suppress

evidence, and "the evidence would have been suppressed" if B. Lomax had done so. (Mot. 5 (alteration added)). This ground is plainly conclusory — unsupported by any facts or specific allegations — and therefore is "insufficient to warrant [section] 2255 relief." *Delva v. United States*, 851 F. App'x 148, 155 (11th Cir. 2021) (alteration added; citing *Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015)); *see also Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (explaining that conclusory allegations do not entitle a movant to relief under section 2255).

*Ground Four*. Movant also alleges that his attorney gave the "patently erroneous" advice that, if Movant did not plead guilty, he would be "subject to [a] sentence six times more severe [than the] law actually allowed[.]" (Mot. 7 (alterations added; quotation marks omitted)).

As with Movant's suppression-of-evidence argument, this assertion is conclusory and insufficient to establish deficient performance. Movant does not identify the number of years B. Lomax advised he faced following trial, the number of years that the law "actually allowed[,]" or any other details regarding B. Lomax's allegedly incorrect advice. (*See* Mot. 7 (alteration added)); *Green v. McGougan*, 744 F.2d 1189, 1191 (5th Cir. 1984) ("One claiming ineffective assistance of counsel must identify specific acts or omissions; general statements . . . will not suffice." (alteration added; quotation marks and citation omitted)). Without more, the Court has no way to determine whether his counsel's advice was actually erroneous. And Movant does not contend that counsel *coerced* him into pleading guilty. (*See generally* Mot.).

Even if he could show deficient performance, Movant cannot establish prejudice. *See Hill*, 474 U.S. at 59 (citations omitted). The notion that Movant would have been willing to risk an enhanced sentence following trial if not for B. Lomax's supposedly erroneous sentencing prediction is contradicted by the record. When he entered a guilty plea, Movant acknowledged he

12

was risking a statutory maximum term of imprisonment of up to life. (*See* Plea Agreement ¶ 4). The Motion is devoid of any facts showing that "a decision to reject [his] plea bargain would have been rational under the circumstances." *Diveroli v. United* States, 803 F.3d 1258, 1263 (11th Cir. 2015) (alteration added; quotation marks and citation omitted).

To the contrary, Movant received a "highly favorable plea deal" due to B. Lomax's negotiations. (Report 12). Movant and B. Lomax "were initially discussing 35 years" before she negotiated his sentence down to six years — in part by convincing the Government to drop two charges that carried heavy penalties — leading Movant to conclude B. Lomax "did a good job." (*Id.* (quotation marks and citation omitted)). Movant proffers no facts showing how a more rational choice would have been to face trial on three charges, rather than accept the plea and face sentencing on one lesser-offense charge.

In short, Movant has not shown that his counsel's allegedly deficient sentencing prediction constituted ineffective assistance of counsel.

***Ground Five***. Lastly, Movant alleges his attorney — as well as the "court[,]" and the State of Florida — erroneously advised him that his "sentence would run concurrent with" his state-court sentence, rendering his plea involuntary and his counsel's assistance ineffective. (Mot. 7 (alteration added)). Movant could not have received a concurrent sentence, not only because his state sentence had expired by the date of his federal sentencing hearing, but also because he was sentenced under section 924(c). *See generally United States v. Gonzales*, 520 U.S. 1 (1997). In any event, Movant's arguments lack merit.

While the Government "agree[d] to recommend that [Movant's] sentence . . . run concurrent to the sentence previously imposed" in his state case (Plea Agreement ¶ 9 (alterations added)), Movant understood that any recommendation the Government made was not binding on

13

the Court, who could "disregard the recommendation in its entirety" (*id.* ¶ 11 (alteration added)).[4] Movant also agreed he could not withdraw his plea if the Court decided to disregard sentencing recommendations (*see id.*), and affirmed under oath that the Court could sentence him to up to life in prison (*see* Change of Plea Hr'g Tr. 14:2–9). Since Movant plainly knew the Court could largely depart from any sentencing recommendation, Movant "has no basis on which to claim that his guilty plea was involuntary[.]" *United States v. Carson*, No. 94-3221, 1995 WL 117600, at *1 (10th Cir. 1995) (alteration added).

### C. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the movant "to establish the need for an evidentiary hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011) (citations and quotation marks omitted). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474 (alteration added; citation omitted). Conclusory allegations do not suffice. *See Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1319 (11th Cir. 2016) (explaining that "a [movant] seeking an evidentiary hearing must make a 'proffer to the district court of any evidence that he would seek to introduce at a hearing'" (alteration added; quoting *Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006))); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (holding a district court "need not hold a hearing" if a movant's allegations are "based upon unsupported generalizations" (quotation marks and citation omitted)).

---

[4] Notably, in ordering that Movant's sentence run consecutive to his state prison term, the Court did consider Movant's state-court sentence, as well as B. Lomax's request, in determining that Movant should receive a sentence of 72 months — 12 months less than the Government's recommended sentence of 84 months. (*See* Sent. Hr'g Tr. 25:23–28:24).

Here, Movant has not established the need for an evidentiary hearing, aside from the hearing he was given on Ground One. As discussed, several of his allegations are conclusory, and the issues presented can otherwise be resolved on the record "without further factual development." *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### D. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (alteration added). "Where a district court has rejected [a movant's] constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (alterations added). Since reasonable jurists would not find the Court's assessment of Movant's claims debatable, Movant does not satisfy this burden. Thus, the Court does not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 26]** is **ACCEPTED AND ADOPTED**.

2. Movant, James Irwin Mitchell's Objections **[ECF No. 27]** are **OVERRULED**.

3. Movant's Motion Under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[ECF No. 1]** is **DENIED**.

4. A *certificate of appealability* is **DENIED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 16th day of April, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**